FREDERICK DAUG, PLAINTIFF IN ERROR, v. NORTH GERMAN LLOYD STEAMSHIP COMPANY, DEFENDANT IN ERROR.

Argued March 9, 1906—Decided November 19, 1906.

1. The plaintiff sued to recover damages for an injury received by him from a concealed derrick while he was painting a post on defendant's steamship. The trial judge directed a verdict for the defendant, because the uncontradicted testimony was that the defendant had not directed any work to be done upon the post and so was under no duty to provide for his safety while there at work. *Held*, that there was no error in the judicial direction.
2. The plaintiff was working under the direction of a foreman of his employers. This foreman received instructions as to what parts of the ship were to be painted from the first officer of the steamship. On the trial the foreman had testified, for the defendant, as to what work he was instructed by the first officer to do, which did not include this post, and testified that he himself had not told the plaintiff to paint this post, and on cross-examination what he had told the plaintiff to paint, which did not include the post. He was then asked on cross-examination whether he did not tell the plaintiff and another man to paint this post. This question was overruled. *Held*, that in view of what he had already testified there was no injurious error in this ruling.

On error to the Hudson County Circuit Court.

For the plaintiff in error, *Warren Dixon.*

For the defendant in error, *Bedle, Edwards & Thompson.*

The opinion of the court was delivered by

REED, J.  Daug, the plaintiff in the action, while engaged in painting a post on the Grosser Kurfuerst, a steamship belonging to the North German Lloyd Steamship Company, had his leg crushed by the impact of a derrick, operated by the servants of the steamship company.

The facts developed on the trial were these:  Daug was working for Messrs. Stelling & Brickenstein, a firm of painters.  This firm had a contract to work on the Grosser Kurfuerst, then in port at Jersey City.  Frank Haunzek was the foreman for Stelling & Brickenstein who had charge of the men who were painting parts of the steamship.  The plaintiff testifies that on the day of the accident Haunzek sent him to work upon a post, which post adjoined a railing, and in painting the post he (the plaintiff) sat upon the railing, with one leg over the railing, so that he could the more readily reach the part upon which he was working.  Just outside of the railing was stretched a sailcloth, which concealed a derrick.  While so situated the derrick swung around and caught the plaintiff's leg between it and the railing, and crushed it.  At the close of the case the trial court directed a verdict for the defendant.

The direction was put upon the ground that it was not shown that the defendant had expressly or impliedly invited the plaintiff to work at this alleged dangerous place, and so owed him no duty to provide for his safety while working at that point.

While the plaintiff testifies that Haunzek, the foreman, sent him to this place to do this work—which Haunzek denies—the material point is whether the defendant's representative servants had directed this particular work to be done at this point.

Stelling, one of the firm of painters, testified that the firm had the contract to paint the Grosser Kurfuerst; that they

did what they were ordered to do by the superintendent; that they only received general orders to paint the whole deck or a certain part of the deck; that means the deck ceilings and the house sides; that the smaller parts were not put into the order; that they had no order, verbal or written, to paint this pillar. He says it is the chief officer's duty to give the smaller orders, and that the foreman—meaning the painter's foreman—gets the orders from him direct.

Mr. Daug himself knows nothing about the portions the servants of the defendant had given directions to have painted. Haunzek, the foreman, says that on the forenoon of the accident the first officer came to him and said that if he had a couple of men he could send them on the promenade deck—that is the deck above the other—to paint the light-houses and ventilators, and touch up the house that was in front.

The testimony, therefore, not merely fails to show that Mr. Daug was invited by the defendant to work at the place of the accident, but it shows that there was no direction to paint this post, and nothing was to be painted except such parts of the ship as the chief officer indicated.

It is, however, assigned for error that the trial judge improperly overruled a question propounded by the counsel for the plaintiff to Mr. Haunzek on cross-examination. The question was this, "Didn't you direct both Mr. Sievers and Mr. Daug to paint all the posts there on the ship?" It is now insisted that this question was relevant for the purpose of impairing the force of Haunzek's testimony respecting the limited scope of the directions of the chief officer to him. If, it is said, Haunzek could have been drawn to admit that he had given the order to paint the posts, it would have raised the inference that he had received directions from the chief officer to do the work, or he would not have given the order. It is also suggested that the force of this inference is aided by the fact that Haunzek had said that the chief officer had said to him, "We shall paint, only touch up the light-houses and ventilators, and I told just the same to the men." The last phrase of his answer was equivalent to saying that

"I told the men to touch up the lighthouses and ventilators." The remark, no doubt, is in accord with the inference suggested, but seems to add no force to it.

In respect to the inference which the plaintiff in error insists he possibly lost by the overruling of his question, it is to be remarked that Haunzek had already sworn, in his examination-in-chief, that he did not tell the plaintiff to paint this pillar; and, again, that he did not send him to paint this upright where he was hurt. On cross-examination he had already sworn to what he told Daug and Sievers, namely, that they were to paint the ventilators, and that when they finished they should stop work, as it was then after eleven o'clock; that he then left and did not see them until after the accident, so that on cross-examination he had in substance reiterated the fact that he had not told Daug to paint the post.

The question propounded would obviously have elicited the same answer, and no injurious error occurred in its exclusion.

The judgment below should be affirmed.

FORT, J. (dissenting). It cannot be questioned under the proof in this cause that the injury which resulted to the plaintiff was due to a danger which was unknown to him, and which observation and reasonable care would not disclose. And, as I read the proof, it was not free from doubt as to whether or not the plaintiff was ordered to do the work he was doing. Whether he was I think was a jury question. If he was, he was entitled to recover. I think the nonsuit was error and that the judgment should be reversed and a new trial directed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, HENDRICKSON, PITNEY, REED, BOGERT, GREEN, GRAY, DILL. 9.

*For reversal*—GARRISON, FORT, GARRETSON, SWAYZE, VREDENBURGH, VROOM. 6.